# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JOHNTA WALLACE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 2:17-cv-0384-WTL-MJD ) |
| RICHARD BROWN, Superintendent, | ) ) ) ) |
| Respondent. | ) |

## Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment

The petition of Johnta Wallace for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 17-05-0072. For the reasons explained in this Entry, Mr. Wallace's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 3, 2017, Correctional Officer J. McCluskey wrote a Conduct Report charging Mr. Wallace with violation of any A-100 Federal, State, or Local Law. The Conduct Report states:

> On 05/03/2017 at approximately 1:47 PM in 17 North B-Side Latrine I, C/O J. McCluskey #299 observed Offender Wallace, Jonta DOC #988350 physically resisting Sgt. M. Duregger #77. During the struggle offender Wallace pulled a sock from his groin and threw it on the floor. I recovered the sock and it contained 234 orange strips labeled N8 weighing 11.3 grams. The strips were divided into 24 packages of approximately 10 each. This is in violation of IC 35-38-4-2 Attempted Dealing in Schedule 3 Drug. The contraband was confiscated, photographed and sent to OII. Offender Wallace was identified by his state ID and informed of this conduct report.

Dkt. No. 7-1.

Photos were taken of the orange strips and they were visually identified as Suboxone or Buprenorphine based on the N-8 inscription. Dkt. No. 7-2.

Mr. Wallace was notified of the charge on May 9, 2017, when he received the Screening Report. He pled not guilty to the charge, did not request a lay advocate, did not request any witnesses, and did not request any physical evidence. Dkt. No. 7-4.

The disciplinary hearing was held on May 16, 2017. Mr. Wallace provided the following statement: "No comment." Based on the staff reports, the offender's statement, and physical evidence, the hearing officer found Mr. Wallace guilty of violation of a state law. The sanctions imposed included: a written reprimand, a 30-day loss of JPay privileges, 180 days earned credit-time deprivation, and a demotion from credit class 2 to credit class 3.

Mr. Wallace appealed to the Facility Head and his appeal was denied. He appealed to the Indiana Department of Correction Final Reviewing Authority. The Final Reviewing Authority modified his charge to B-202, possession of a controlled substance and eventually reduced the

sanctions to 90 days earned credit time deprivation. Dkt. No. 7-7; Dkt. No. 7-8. Mr. Wallace then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

In his petition, Mr. Wallace lists three grounds on which he challenges his prison disciplinary conviction: 1) his due process rights were violated because the evidence was insufficient to support a conviction of A-100, attempting to commit dealing in a controlled substance; 2) the sanctions imposed on the reduced charges exceeded the allowable sanctions for B-202; and, 3) he was not put on notice of the specific charges.

#### 1. Sufficiency of the Evidence

Mr. Wallace argues that he is entitled to relief because the Final Reviewing Authority reduced Mr. Wallace's charges from A-100, violation of state law to B-202, possession or use of a controlled substance. Dkt. 7-7; dkt. 7-8. Therefore, any argument that his due process rights were violated because the evidence does not support a conviction for A-100 is misplaced. Moreover, the evidence was sufficient to support a charge of B-202, possession or use of a controlled substance.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d

978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

B-202, possession or use of a controlled substance is defined as "possession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." www.in.gov/idoc/3265.htm.

Two correctional officers witnessed Mr. Wallace pull a sock from his groin area that was found to contain 234 strips of Buprenorphine[1] or Suboxone. Dkt. 7-1. This evidence is sufficient to satisfy the "some evidence" standard. *See Hill*, 472 U.S. at 455-56.

### 2. Appropriate Sanctions

Next, Mr. Wallace argues the sanctions imposed in Mr. Wallace's disciplinary action for a conviction for B-202, possession or use of a controlled substance, are inappropriate. The maximum allowable sanctions for a class B offense are 3 months earned credit time deprivation, a reduction in one credit class, and a restriction of privileges for 30 days.

The maximum allowable sanctions for each class of offense for offenders are as follows:

| SANCTION | CLASS A | CLASS B | CLASS C | CLASS D |
|---|---|---|---|---|
| Disciplinary Restrictive[1] Status Housing | 6 months[2] | 3 months | 15 days | NONE |
| Reduction in credit class[7] | 1 grade[2] | 1 grade | NONE | NONE |
| Loss of earned credit time[7] | 6 months[3] | 3 months | NONE | NONE |
| Restriction of privileges | 45 days | 30 days | 15 days | 5 days |

---

[1] Buprenorphine is classified as a Schedule III controlled substance. Ind. Code § 35-48-2-8(e)(7).

Disciplinary Code for Adult Offenders for a class B offense, page 38. www.in.gov/idoc/3265.htm.

The sanctions imposed here were: a written reprimand, a 30 day loss of JPay privileges, 90 days earned credit-time deprivation, and a demotion from credit class 2 to credit class 3. The modified sanctions are entirely within the allowable sanctions. No relief is warranted on this basis.

### 3. Notice of Charges

Finally, Mr. Wallace alleges a violation of due process because he alleges he was not put on notice of the charges against him. Mr. Wallace has not raised any claim that he was not provided written notice of the charge, or that he was prevented from calling witnesses and presenting evidence. Rather, Mr. Wallace's sole claim is:

> **GROUND TWO: Due Process Violations of:** <u>Not</u> <u>being</u> <u>put</u> <u>on</u> <u>Notice</u> <u>of the</u> <u>specific</u> <u>charges</u> that I was to defend myself against, so that I could Marshall the facts and prepare my Defense.

Dkt. No. 2, p. 3.

It appears he is complaining that he received notice of the original charge, but not of the modified charge, and because he was convicted of an offense different from the offense identified in the original notice, his due process rights were violated.

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. The notice should inform the prisoner of the rule allegedly violated and summarize the facts. *Whitford v. Boglino*, 63 F.3d 527, 537 (7th Cir. 1995). A notice is constitutionally deficient only if a reasonable person would be misled to such an extent that he or she would be precluded from preparing a defense to the actual charge. *Montgomery v. Anderson*, 262 F.3d 641, 646 (7th Cir. 2001).

Here, the facts alleged in the complaint were sufficient to establish a violation of B-202 possession or use of a controlled substance even if Mr. Wallace was initially charged with and found guilty of A-100 violation of state law. The factual basis of the conduct report gave Mr. Wallace all of the information he needed to defend against a charge of B-202. Mr. Wallace was found in possession of 234 Suboxone strips. As such, the Final Reviewing Authority's modification did not deprive Mr. Wallace of any due process rights. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) (stating that the reviewing authority's modification did not deprive [the petitioner] of his due process rights because the factual basis of the investigation report gave [him] all the information he needed to defend against the [reduced charge]).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Wallace to the relief he seeks. Accordingly, Mr. Wallace's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/2/18

Distribution:

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

JOHNTA WALLACE
988350
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

James Boyer  
INDIANA ATTORNEY GENERAL  
james.boyer@atg.in.gov